IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL TODD, # R12865,

    Plaintiff,

vs.                                                     Case No. 17-cv-359-DRH

VIPIN K. SHAH,
MICHAEL SCOTT,
FRANCIS F. KAYIRA,
ROBERT R. BLUM,
ANGEL RECTOR,
SHULTZ,
HUGHES,
MIKE L. FISHER, and
WILLIAM HARRIS,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Nathaniel Todd, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 6, 2017. (Doc. 1). Pursuant to this Court's Order (Doc. 21), Plaintiff's Complaint (Doc. 1) was dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff was also appointed counsel and ordered to file an amended complaint. (Doc. 21). Plaintiff filed an Amended Complaint, by and through counsel, on July 31, 2017. (Doc. 26). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **Discussion**

The Amended Complaint divides this action into 9 counts, outlined below. The parties and the Court will use these designations in all future pleadings and

orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Dr. Shah showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 2 –** Dr. Scott showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 3 –** Dr. Kayira showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 4 –** Mr. Blum showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 5 –** Nurse Rector showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 6 –** Nurse Shultz showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 7 –** Nurse Hughes showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 8 –** Mr. Fisher showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

**Count 9 –** Mr. Harris showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment

by, among other things, refusing to order an appropriate diabetic diet for him.

Based on the allegations in the Amended Complaint, none of these counts warrant dismissal at this early stage. For this reason, the Amended Complaint, along with Counts 1 through 9, will be allowed to proceed past threshold.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1 through 9** shall **PROCEED** against **SHAH, SCOTT, KAYIRA, BLUM, RECTOR, SHULTZ, HUGHES, FISHER,** and **HARRIS**, respectively.

**IT IS FURTHER ORDERED** that as to **COUNTS 1 through 9**, the Clerk of Court shall prepare for **SHAH, SCOTT, KAYIRA, BLUM, RECTOR, SHULTZ, HUGHES, FISHER,** and **HARRIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known

address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff, by and through counsel, shall serve upon the defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full

amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.28 12:32:02 -05'00'

**United States District Judge**