IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL TODD,

Plaintiff,

v.

VIPIN SHAW, MICHAEL SCOTT,
FRANCIS KAYIRA, ROBERT R. BLUM,
DR. HUGHES LOCHARD, MIKE L. FISHER,
WILLIAM HARRIS, and ANGEL RECTOR,

Defendants.                                  No. 17-cv-0359-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is an August 24, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson (Doc. 114). Magistrate Judge Williams recommends that the Court deny a motion for summary judgment on the issue of exhaustion of administrative remedies filed by defendants Dr. Vipin Shah, Angel Rector, Dr. Francis Kayira, Robert Blum, Dr. Michael Scott, and Dr. Hughes Lochard (Docs. 91 & 106). The parties were allowed time to file objections to the Report. On September 13, 2018, defendants Scott, Kayira, Blum and Lochard filed objections to the Report (Doc. 120). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

Plaintiff Nathaniel Todd brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). On May 2, 2017, the Court entered a Memorandum and Order granting Todd leave to proceed in forma pauperis and appointing counsel Kaitlin Bridges to represent Todd in this matter (Doc. 21). The Court allowed Todd, by and through counsel, to file an amended complaint on or before June 30, 2017. After an extension of time, Todd filed the amended complaint on July 31, 2017 (Doc. 26). The amended complaint alleges that defendants either refused to put him on an appropriate diabetic diet or after order that he be placed on such diet plaintiff did not receive such diet and defendants failed to investigate or take action regarding plaintiff's diabetic diet. The amended complaint contained the following claims:

Count 1 – Dr. Shah showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 2 – Dr. Scott showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 3 – Dr. Kayira showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 4 – Mr. Blum showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 5 – Nurse Rector showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 6 – Nurse Shultz showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 7 – Nurse Hughes showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 8 – Mr. Fisher showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Count 9 – Mr. Harris showed deliberate indifference to Plaintiff's serious medical need (diabetes) in violation of the Eighth Amendment by, among other things, refusing to order an appropriate diabetic diet for him.

Thereafter, the Court conducted its preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A and found that all the claims contained in the nine counts survived review (Doc. 29). On March 20, 2018, Magistrate Judge Wilkerson granted Todd's motion to dismiss without prejudice defendant Schultz (Doc. 82).

Next, defendants filed a motion for summary judgment as to the issue of exhaustion of administrative remedies (Docs. 91 & 106). Defendants contend that Todd did not exhaust his administrative remedies to any of his claims against defendants because Todd failed to properly file and appeal a grievance concerning defendants alleged violations of his rights. Specifically, defendants argue that plaintiff failed to properly file and properly appeal any grievances which names or describes defendants or their conduct. Todd filed an opposition to the motion

(Docs. 98 & 109). On July 19, 2018, Magistrate Judge Wilkerson held a *Pavey*[1] hearing on the motion for summary judgment and to assess the credibility of the conflicting accounts about Todd's use of the grievance process (Doc. 107). Subsequently, on August 24, 2018, Magistrate Judge Wilkerson, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted the Report recommending that the Court deny defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections." Defendants Scott, Kayira, Blum and Lochard did file objections to the Report (Doc. 120). Based on the record and the following, the Court adopts the Report in its entirety and denies defendants' motion for summary judgment on the issue of exhaustion.

## Facts

The facts set forth in this section are limited to those necessary for this Court to review the Report.

On October 10, 2015, Todd submitted a grievance as an emergency. This grievance specifically named Shah and Rector and also referred to "Wexford Health Care staff." The grievance was reviewed a month later on November 10, 2015 and the Chief Administrative Officer ("CAO") found it to be an emergency. On November 21, 2015, grievance officer Flatt recommended that the grievance be

---

1 *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)(indicating that a judge, not a jury should resolve initial disputes about exhaustion in prisoner cases, and setting forth the procedures to be followed in doing so).

denied. The COA concurred on December 1, 2015. Todd signed his appeal 42 days later, on January 12, 2016. The Administrative Review Board ("ARB") denied Todd's appeal as untimely because it was signed more than thirty days after the CAO's decision.

Subsequently, on December 4, 2015, Todd submitted an emergency grievance about not getting adequate nutritious meals for his diabetes and ties the failure to get appropriate meals to his inability to get proper medical treatment. This grievance, while hard to read, contains references to Angel Rector, "nurses" and "health care officers." On December 9, 2015, the CAO determined it was not an emergency grievance. Almost two months later, the grievance counselor recommended denial of the grievance and did not address any of the claims regarding diabetic meals. On February 16, 2016, the CAO agreed with the grievance counselor and denied the grievance. Thereafter, Todd signed for an appeal on February 21, 2016 and mailed the appeal within a few days of signing the appeal. However, the ARB did not receive the appeal until May 19, 2016 and as a result denied the appeal as untimely.

Defendant Blum alleges that he did not begin working at Pinckneyville until May 22, 2017.

## Legal Standards

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is material depends on the underlying substantive law that governs the dispute. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citation omitted).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the

administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*.

In *Pavey*, the Seventh Circuit instructed district courts to conduct a hearing where "exhaustion is contested" to determine whether a plaintiff has exhausted his administrative remedies. *Pavey*, 544 F.3d at 742. And in holding that hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011)(affirming factual findings of a magistrate judge, whose Report included factual findings that the plaintiff was not credible). In other words, and unlike other summary judgment motions, the very purpose of *Pavey* is to allow a judge to resolve swearing contests between litigants. So while courts typically undertakes *de novo* review of the portions of the Report to which a party objects, the courts will give great deference to factual findings and credibility determinations made in the Report. *Pavey II*, 663 F.3d at 904. *See also Towns v. Holton*, 346 Fed.Appx 97, 100 (7th Cir. 2009)(great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)("*De novo* determination is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations).

Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, *Pavey* set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he

deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent of prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any findings made by the district judge in determining that the prisoner exhausted his administrative remedies.

*Id*. at 742.

## Analysis

Here, defendants Scott, Kayira, Blum and Lochard object to the Report's conclusions that Todd exhausted his administrative remedies against defendants Kayira, Blum, Scott and Lochard because they were not properly named in Todd's grievances; that Todd exhausted his administrative remedies against Lochard on the basis that Todd allegedly requested a diabetic diet from Dr. Lochard and he refused to provide it and that Todd exhausted his administrative remedies against Blum on the basis of continuing violation doctrine. The Court notes that defendants' objections to the Report largely reiterates things already argued in the motion for summary judgment. Further, the Court finds that the objections merely takes umbrage with the Report in that defendants argue that the fault lies with Todd in failing to exhaust and not them. After reviewing the motion for

summary judgment, the Report and the objections, the Court finds no error or deficiency in Judge Wilkerson's credibility determinations, findings of fact and conclusions of law. In fact, Judge Wilkerson provided a sound analysis. Specifically, Judge Wilkerson as to the October 10, 2015 grievance found:

> "Further, while it is true that the Illinois Administrative Code requires inmates to list individuals by name or description, the form filled out by Todd only instructed him to provide a 'Brief Summary of Grievance" (*See* Doc. 92-1, p. 32). The Seventh Circuit has held an inmate is not required to specifically name individuals where the form only requested a brief summary of the events, the prisoner was never told his grievance was deficient, and prison officials acted on his grievance. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). That is precisely what happened here. The Court declines Defendants' request to allow the prison to retroactively object to the form a grievance it previously felt capable of addressing on the merits.
>
> Thus, the Court finds the October 10, 2015 grievance sufficient to exhaust administrative remedies against Wexford Health Care employees providing healthcare service to Todd."

(Doc. 114, ps. 6-7, footnote omitted). Furthermore, as to the December 4, 2015 grievance the Report held:

> "At the time Todd appealed his grievance, the Illinois Administrative Code required prisoners 'to appeal' to the ARB within 30 days. 20 Il. Admin. Code § 504.850(a). This Circuit has recognized that prisoners do not maintain control of their complaint once it is given to a guard to mail. *Dole v. Chandler*, 438 F.3d 804, 810 (7th Cir. 2011). In *Dole v. Chandler*, the Seventh Circuit found the prisoner had filed a timely appeal based on the date he submitted it for mailing, because prisoners have 'no other choice in the method used to transmit the complaint from the prison to the Board…[and] no means of being alerted that the ARB had not received his appeal in time to file a new, timely complaint.' *Id*. The same is true here. The only evidence before the Court is Todd's sworn statement that he mailed the appeal of his grievance within a week of the CAO's denial. Defendants have presented no evidence to rebut that testimony. Thus, Todd complied

> with the requirement that he appeal the decision within thirty days and the ARB's refusal to consider the appeal exhausted his administrative remedies.
>
> Thus, the Court finds the December 4, 2015 grievance sufficient to exhaust administrative remedies against Angel Rector, 'nurses' and other health care staff."

(Doc. 114, ps. 7-8, footnote omitted). Lastly, as to Lochard and Blum the Report concluded:

> Lochard submitted an affidavit stating his involvement in Todd's medical care was limited to ordering a new Quad Cane for him on April 14, 2017; after the above grievances were filed (Doc. 106-6, pp. 1-2). Hughes [Lochard] does not allege that he was not employed at Pinckneyville during the time that Todd was being denied a diabetic diet, just that he did not provide any treatment for his diabetes. This claim however, contradicts Todd's allegations in his Complaint that he requested Defendant "Hughes" put him on an appropriate diabetic diet and that he failed to do so (Doc. 26, ¶ 23). Because Lochard was employed at Pinckneyville at the time covered by the grievances, and is alleged to have participated in the denial of a medically necessary diet, he is encompassed within the grievances filed by Todd. Whether Todd is ultimately successful in proving his case against Lochard is unrelated to the whether he exhausted his administrative remedies against him.
> …
>
> Here, Todd's grievances complain of an unresolved continuing violation that encompasses Blum's alleged inaction. In *Owens*, the grievance stated a continuing failure to provide medication by one medical professional, but the Court found that grievance covered the subsequent failure to provide medication by another health care provider because the problem had not yet been resolved by the prison. *Owens v. Duncan*, 2017 WL 895591, at *6 (S.D. Ill. March 17, 2017). Similarly, here Todd's grievances allege a continuing violation of his need for diabetic food to control his diabetes. Todd's affidavit states he still does not receive diabetic meals (Doc. 98-1). Thus, there is no basis for finding a break in the continuing violation that would have lead the State to believe the problem had been resolved prior to Blum's

involvement. Further, unlike *Burt* and *Barrow*, this is a complaint about the general policy or practice of failing to provide medically necessary meals, and not the specific treament provided by Blum. *See Burt v. Berner*, 2015 WL 1740044, at *5 (S.D. Ill. April 14, 2015); *Barrow v. Wexford Health Sources, Inc.*, 2015 WL 5674892 at *4 (S.D. Ill. September 28, 2015).

As such, requiring Todd to file another grievance each time a new health care provider continued in the ongoing denial of his request for medically necessary meals is contrary to the Seventh Circuit's holding in *Turley v. Rednour*, that prisoners do not need to file multiple grievances where a continuing violation exists. *Turley*, 729 F.3d at 650. Thus, the Court finds the above discussed grievances are sufficient to exhaust Todd's administrative remedies against Blum."

(Doc. 114, ps. 8-12).

The record before the Court provides no reason for the Court to doubt or find error in Judge Wilkerson's determination. Furthermore, based on the record, it is clear to the Court that defendants did not carry their burden with regard to the exhaustion issue. Todd took all procedural steps required of him in exhausting the grievances listed above. And those grievances sufficiently placed defendants and other Wexford Healthcare officials on notice that Todd was failing to receive a medically necessary diabetic meal -- a problem which Todd alleges defendants Shah, Scott, Kayira, Blum, Lochard, Fisher, Harris and Rector took part in creating and/or continuing.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 120) and

**DENIES** defendants' motion for summary judgment as to the exhaustion issue (Doc. 91).

**IT IS SO ORDERED.**

Judge Herndon
2018.09.26
15:31:20 -05'00'

**United States District Judge**